IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TAYLOR BOOTH,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | |
| **WRIGHT NATIONAL FLOOD INSURANCE SERVICES, LLC,** | § § § § | **CIVIL CASE NO. 4:17-cv-_____** |
| **Defendant.** | § § | |

## NOTICE OF REMOVAL

Defendant, Wright National Flood Insurance Services, LLC ("WNFIS")[1] and Wright National Flood Insurance Company ("Wright"), a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[2] appearing in its "fiduciary"[3] capacity as the "fiscal agent of the United States,"[4] hereby removes the state court action entitled "*Taylor Booth v. Wright National Flood Insurance Services, LLC*," bearing Cause No. 2017-61088, the 215th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and respectfully represents as follows:

---

[1] The Plaintiff improperly names Wright National Flood Insurance Services, LLC as the Defendant in this matter, alleging that WNFIS issued the flood policy to the Plaintiff. The Standard Flood Insurance Policy was issued by Wright National Flood Insurance Company, while acting in its capacity as a Write-Your-Own Program insurance carrier, and not WNFIS. The Declarations Page for the policy that was issued on November 19, 2016 is attached hereto as Exhibit C. The Declarations Page for the policy that was in effect at the time of the loss is attached hereto as Exhibit D.

[2] 42 U.S.C. § 4001, *et seq.*

[3] *See* 44 C.F.R. § 62.23(f).

[4] 42 U.S.C. § 4071(a)(1); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

**Notice of Removal is Timely**

1. Plaintiff Taylor Booth ("Plaintiff") filed the referenced state court action against WNFIS on or about September 15, 2017. An index of documents being filed contemporaneously with this Notice of Removal is attached at Exhibit A. A true and accurate copy of the Plaintiff's Original Petition ("Petition") is attached and incorporated hereto as Exhibit "B," as required by 28 U.S.C. §§ 1446(a) and 1447(b).

2. WNFIS was served with the state court Summons and Complaint on or about September 29, 2017. Thirty days have not elapsed since WNFIS first received Plaintiff's Petition through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

**Allegations Contained in Plaintiff's Original Petition**

3. The Petition alleges that the Plaintiff purchased and was the owner of a residence located at 9422 Meadowbriar Lane, Houston, Texas 77063 ("the Property"). Petition, at ¶ "Facts."

4. The Petition alleges that the Plaintiff purchased a policy of flood insurance on November 9, 2016, providing Building limits (Coverage A) of $200,000.00 and Contents limits (Coverage B) of $80,000.00. *Id*.

5. The Petition alleges that the Property sustained a flood loss on August 25, 2017 and that the Plaintiff made a claim. *Id*.

6. The Petition alleges that WNFIS "unilaterally" reduced the coverage limits to $17,600.00 for the Building and $9,600.00 for the Contents. *Id*.

7. The Petition alleges that a letter from WNFIS dated February 21, 2017, notifying the Plaintiff of the reduction in coverage was never received by the Plaintiff. *Id*.

8. The Plaintiff alleges claims under the policy for declaratory judgment and breach of contract.  *Id*. at ¶¶ "Count 1—Declaratory Judgment", "Count 2—Breach of Contract."

## Jurisdiction and Venue

9. Plaintiff avers that WNFIS breached a contract of insurance by allegedly failing to pay the full amount of flood insurance benefits to which Plaintiff claims he is entitled under a Standard Flood Insurance Policy ("SFIP").  However, the SFIP that is the subject of this action was issued by Wright, while acting in its capacity as a WYO Program carrier, not WNFIS.

10. Congress created the NFIP pursuant to the NFIA, 42 U.S.C. § 4001, *et seq. Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 598–600 (4th Cir. 2002).

11. In 1983, under the WYO Program, the Director of the Federal Emergency Management Agency ("FEMA") authorized the SFIP to be issued by private insurance companies, commonly referred to as WYO companies (e.g. Wright). 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23. The WYO companies issuing flood insurance under the NFIP arrange for the adjustment, settlement, payment, and defense of all claims arising from the policy. 44 C.F.R. § 62.23(d).

12. Congress underwrites all operations of the NFIP through U.S. Treasury funds. 42 U.S.C. § 4017(d)(1).  This includes appropriations for both the adjustment of claims and the payment of those claims.  Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy" to FEMA.  *Id*. at §§ 4013, 4017, 4019.

13. Wright participates in and issues SFIPs under the NFIP's Write-Your-Own Program. 44 C.F.R. § 62.23.

14. The United States District Courts have original exclusive jurisdiction over litigation arising out of the NFIP pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, Appendix

A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim or policy administration under the NFIP. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

15. The Petition includes a claim for damages for breach of the Policy, along with a claim that **after** the Policy was issued, WNFIS "unilaterally" changed the coverage limits.

16. The payment that Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); 44 C.F.R. § 62.23(f).

17. As the Plaintiff makes a claim for benefits under the SFIP, this court has federal-question jurisdiction over the action. *Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 303 (5th Cir. 2015).

18. The Fifth Circuit has instructed that the "NFIA preempts claims-handling causes of action and claims." *Spong*, 787 F.3d at 306.

> "The key factor to determine if an interaction with an insurer is 'claims handling' is the status of the insured at the time of the interaction between the parties. If the individual is already covered ... the interactions between the insurer and insured ... are 'claims handling' subject to preemption."

*Id*. (quoting *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012) ("If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured, including renewals of insurance, are 'claims handling' subject to preemption . . . . Grissom was insured by Liberty Mutual at the time of his interactions with Liberty Mutual . . . . Because Grissom's dispute with Liberty Mutual relates to his renewal of a

policy already in place—claims handling, not the initial procurement of the insurance policy—*Campo* does not control and we hold that Grissom's state law claim is preempted.")).

19. The Plaintiff's claim that WNFIS "unilaterally" reduced his coverage limits allegedly occurred after the policy was in force and therefore constitutes "claims handling."

20. As all of the Plaintiff's claims arose after the Policy had been issued, the Plaintiff's action is based solely upon the administration of the SFIP and such claims are subject to federal law and federal jurisdiction.

21. According to the Petition, Plaintiff's insured property is located at 9422 Meadowbriar Lane, Houston, Texas 77063, in Harris County, Texas, which is located within the jurisdiction of the United States District Court for the Southern District of Texas. Therefore, venue in this Court is proper pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, Appendix A(1), Article VII(R).

22. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).

23. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiff and will be filed with the Clerk of Court for the District Court in and for Harris County, Texas, in conformity with 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Wright National Flood Insurance Company and Wright National Flood Insurance Services, LLC, pray that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, Case No. 2017-61088 in the District Court in

and for Harris County, Texas, be removed to the United States District Court for the Southern District of Texas for further proceedings as provided by law.

Dated:  October 20, 2017               Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By:   /s/   *Bradley K. Jones*
      Bradley K. Jones
      State Bar No. 24060041
      Federal ID No. 931122
      811 Main Street, Suite 1100
      Houston, Texas 77002
      Telephone:   (713) 751-1600
      Facsimile:    (713) 751-1717
      E-mail:  bkjones@bakerlaw.com

AND

**FREEBORN & PETERS LLP**
Theodore I. Brenner (VSB # 17815)
Joel W. Morgan (VSB # 65761)
411 East Franklin Street, Suite 200
Richmond, VA 23219
Telephone:   (804) 644-1300
Facsimile:    (804) 644-1354
E-mail: tbrenner@freeborn.com
E-mail: jwmorgan@freeborn.com

**COUNSEL FOR DEFENDANTS, WRIGHT NATIONAL FLOOD INSURANCE SERVICES, LLC AND WRIGHT NATIONAL FLOOD INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2017, a copy of the foregoing pleading was filed with the Clerk of Court by hand delivery.  A copy of the foregoing pleading was also served upon the following attorney of record for Plaintiff by U.S. mail and/or by registered e-mail:

Eric Fryar, Esquire
Fryar Law Firm, P.C.
912 Prairie Street, Suite 100
Houston, TX 77002-3145
Eric@fryarlawfirm.com

                                               */s/ Bradley K. Jones*
                                               Bradley K. Jones